IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRESTVIEW APARTMENTS, LLC
also known as CRESTVIEW APTS.

       Plaintiff,

v.

SEAN SUGGS and IESHA HAYES,

       Defendants.

CIVIL ACTION NO.
1:14-CV-01466-WSD-LTW

## MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on *pro se* Iesha Hayes' request to file this civil action *in forma pauperis*, without prepayment of fees and costs or security therefor (Docket Entry 1), pursuant to 28 U.S.C. § 1915(a)(1). The Affidavit of Poverty indicates that Defendant Hayes is unable to pay the filing fee or incur the costs of these proceedings. Thus, the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied, and Defendant Hayes' motion to proceed *in forma pauperis* is **GRANTED**. Docket Entry [1]. For the reasons outlined below, however, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## PROCEDURAL BACKGROUND FACTS

On or about April 18, 2014, pursuant to Georgia law, Plaintiff Crestview

Apartments, LLC a/k/a Crestview Apts. (hereinafter "Crestview Apts.") filed a dispossessory proceeding in the Magistrate Court of DeKalb County in an attempt to evict Defendant Hayes and others for failure to pay rent. Defendant Hayes argues in her removal papers that this Court has federal question jurisdiction over the matter because Crestview Apts.' dispossessory action violates the Fourteenth Amendment of the United States Constitution, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Rule 60 of the Federal Rules of Civil Procedure.

## LEGAL ANALYSIS

Based on this Court's review of the pleadings, it is clear that the Court lacks subject matter jurisdiction over the instant lawsuit. It is the Court's duty to inquire into its subject matter jurisdiction *sua sponte* whenever it may be lacking. Hernandez v. Att'y Gen., 513 F.3d 1336, 1339 (11th Cir. 2008). Title twenty-eight, section 1441(a) of the United States Code provides that a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction of civil cases that present a federal question or that involve citizens of different states and exceed the $75,000.00 amount in controversy threshold. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity jurisdiction for citizens of different states). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

2

shall be remanded." 28 U.S.C. § 1447(c). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Hayes argues in her removal papers that federal jurisdiction over the matter is conferred because Crestview Apts.' actions violate the Fourteenth Amendment of the United States Constitution, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and Rule 60 of the Federal Rules of Civil Procedure. Contrary to the Defendant's argument, this Court notes that a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Instead, "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal citation omitted). Potential defenses and counterclaims involving the Constitution or laws of the United States are ignored. Vaden v. Discover Bank, 556 U.S. 49, 59 (2009); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

In the present case, Crestview Apts. relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of DeKalb County. No federal

question is presented on the face of Crestview Apts.' Complaint.  There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule such as the doctrine of complete preemption.  Caterpillar, 482 U.S. at 393. Jurisdiction over the initiation and trial of a dispossessory action filed in Georgia is entirely in the state court system.  O.C.G.A. § 44-7-50, et seq.

Additionally, Defendant Hayes has not included any facts in her Petition for Removal of Action to support the existence of diversity jurisdiction.  A party removing a case to federal court based on diversity of citizenship bears the burden of establishing that the citizenship of the parties is diverse and that the $75,000 amount in controversy jurisdictional threshold is met.  Fowler v. Safeco Ins. Co. of Am., 915 F.2d 616, 618 (11th Cir. 1990); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Neither Defendant Hayes' Petition for Removal nor Crestview Apts.' Complaint includes any facts showing that the parties are diverse or that the $75,000 jurisdictional threshold is met.  Crestview Apts. simply seeks a small amount of rent and fees as well as possession of the premises.  Docket Entry [1-1].  A claim seeking ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy.  Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd 35 F. App'x 858 (11th Cir. 2002).  The small amount of rent

4

and fees at issue in this case falls well below the $75,000.00 amount in controversy requirement. For these reasons, this Court finds that federal subject matter jurisdiction does not exist. Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of DeKalb County.

## CONCLUSION

Based on the foregoing reasons, Defendant Hayes'motion to proceed *in forma pauperis* is **GRANTED**. Docket Entry [1]. Additionally, this Court **RECOMMENDS** that this action be **REMANDED** pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Dekalb County. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 28 day of May, 2014.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)