IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRESTVIEW APARTMENTS,
LLC, also known as CRESTVIEW
APTS.,

                      Plaintiff,

v.

SEAN SUGGS and IESHA HAYES,

                      Defendants.

1:14-cv-1466-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

**I.   BACKGROUND**

On April 18, 2014, Plaintiff Crestview Apartments, LLC ("Plaintiff") initiated a dispossessory proceeding against its tenants, Sean Suggs and Iesha Hayes (together, "Defendants"), in the Magistrate Court of DeKalb County, Georgia.[1] The Complaint seeks possession of premises currently occupied by Defendants and past due rent, fees and costs.

---

[1] No. 14D09780.

On May 15, 2014, Defendants, proceeding *pro se*, removed the DeKalb County Action to this Court by filing their "Petition for Removal" and an application to proceed *in forma pauperis* ("IFP") [1].[2] Defendants appear to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law. They claim in their Petition for Removal that Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6," and the Due Process Clause of the Fourteenth Amendment. (Pet. for Removal at 1-2).

On May 28, 2014, Magistrate Judge Walker granted Defendants' application to proceed IFP. Judge Walker also considered *sua sponte* the question of subject matter jurisdiction and recommends that the Court remand this case to the Magistrate Court of DeKalb County.

Judge Walker found that Plaintiff's underlying pleading shows that this action is a dispossessory action, which Defendants contend violates federal law. Noting that a federal law defense or counterclaim alone is not sufficient to confer federal jurisdiction, Judge Walker concluded that the Court does not have federal question jurisdiction over this matter. Judge Walker also found that Defendants

---

[2] It appears that this action was removed by both Defendants, although the Court notes that only Iesha Hayes signed the Petition for Removal and IFP Application.

fail to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000.  Judge Walker concluded that the Court does not have diversity jurisdiction over this matter and that this case is required to be remanded to the state court.

There are no objections to the R&R.

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

### B.     Analysis

Defendants do not object to the R&R's conclusions that Plaintiff's Complaint does not present a federal question and that the parties are not diverse.

The Court does not found any error in these conclusions.  It is well-settled that federal-question jurisdiction exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).  The record also does not show that Plaintiff and Defendants are citizens of different states, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] is **ADOPTED.** This action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 13th day of January, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

5